ADELHEID KAISER, APPELLANT, *v.* HERMAN KAISER, RESPONDENT.

*Divorce for physical incompetency — the fact that the action was not commenced in two years must be pleaded in the answer.*

Section 33 of 2 Revised Statutes, 133, providing that a suit to annul a marriage, on the ground of physical incompetency, " shall in all cases be brought within two years from the solemnization of the marriage," is a statute of limitation, and the action is not barred by the lapse of that time, unless that objection is set up in the answer. (DAVIS, P. J., dissenting.)

APPEAL from an order made at a Special Term, refusing confirmation of a report of a referee in favor of the plaintiff, and denying a decree of divorce from the defendant, applied for on the ground that at the time of the marriage he was physically incapable of entering into the marriage state.

*Geo. F. Langbein,* for the appellant.

No one appearing for the respondent.

BRADY, J.:

The plaintiff commenced this action to obtain a divorce on the ground of the physical incompetency of her husband, and the defendant made no appearance. The learned justice below declined to grant the application, upon the sole ground that the action had not been commenced within two years from the solemnization of the marriage. The statute, which formed the basis of this judgment, provides that an action of this character " shall, in all cases, be brought within two years from the solemnization of the marriage." (3 R. S. [6th ed.], 154, § 47.) But it is provided by the next section (48) that suits to annul a marriage shall be by bill, and shall be conducted in the same manner as other suits prosecuted in the courts of equity. It was also provided by section 74 of the Code, in force when this action was commenced, that civil actions could only be commenced within the periods prescribed in the title relating thereto, after the cause of action should have accrued, except where, in special cases, a different limitation was prescribed by statute, and in the cases men-

tioned in section 73, which did not include such a case as this. "But," saith the section further, "the objection that the action was not commenced within the time limited can only be taken by answer." A prior section (69) had abolished the distinction between actions at law and suits in equity, and the forms of such actions, and the result of these provisions thus placed in combination is, that the objection interposed by the learned justice below could only be presented by answer. The court, acting in reference to the established jealousy or circumspection in regard to applications for a divorce, might have directed an examination as to the delay in bringing the action, and might, doubtless, in the exercise of its equity power over the subject, have refused from other convictions to grant the divorce. But the refusal, upon the ground stated, was not warranted by the statutes referred to and grouped together. The limitation is to be treated like any other limitation, which having been created in the main for the defendant's benefit must be invoked by him. The courts have declared in numerous cases that the statute must be pleaded in bar in accord with the provision on that branch of the defense, and have not deemed it incumbent on them to decline the relief sought when the action apparently was not brought within the limited time. In this case, it appears that the defendant prohibited his wife from speaking of his inability to consummate the marriage, and that she did not know of it understandingly until she left him, which was more than two years after the marriage. It appears, however, that she did commence her action about one year after she was advised of her husband's physical inability, which it appears she did not know to exist until so advised. These circumstances, accompanied by proof that she was still a virgin, rendered it eminently proper that there should be a liberal construction of the statute in her favor, and would seem to demonstrate as well, if the statute is to be strictly construed, that further legislation is necessary. It cannot be assumed, in the face of the proof in this case, that a woman must necessarily learn of her husband's impotence in two years after the solemnization of the marriage, even though they should live together during that period. Truth is stranger than fiction, and it seems to be true that the plaintiff did not know during that period that her husband

was physically incapable. There are cases aside from this in which the strict application of the statute would be unjust. If, for example, within a day or two of the marriage, the husband should be called away from or leave the wife voluntarily and remain absent for two years, giving, of course, during the interim, no opportunity to his wife to learn of his incapacity, it would be unjust to subject her to the consequences, and for life, it might be. A reasonable and just construction of the statute would place the limitation from the time knowledge of the incapacity was acquired, to be determined by all the facts and circumstances of the case. The marriage is a fraud upon the injured party, and that circumstance should be considered and kept in view. But it is not necessary, in the view entertained of this question in this case, to consider this phase of it. It is enough that the law requires the statutory bar to be pleaded which was not done. The counsel for the plaintiff has elaborately and learnedly considered the whole subject and presented his conclusions in an able brief, suggesting among others, the view adopted herein, but it has not been considered necessary to discuss the other suggestions made, having arrived at the result stated.

The order made at Special Term should, for the reasons stated, be reversed, and the case sent back for further consideration.

Ingalls, J.:

My first impression was adverse to the conclusion of my brother Brady in this case, but further examination and reflection has induced me to acquiesce in the result which he has reached. The phraseology used in framing the statute in question is no more prohibitory or imperative, than that employed in statutes of limitation in regard to ordinary civil actions; and in such cases the statute must be pleaded to be available to a party as a defense. All such statutes rest upon principles of public policy. They are all alike statutes of repose. There being no pretence of fraud or collusion and the defendant having failed to appear in this action, we think the court was hardly required to interpose the statute of limitation and thereby defeat the plaintiff's action. If the plaintiff has, in all other respects, a just and meritorious cause of action she should prevail.

DAVIS, P. J., dissenting.

The statute on which the court below refused the decree in this case is not a mere statute of limitations. It enters into and is a substantive part of the right or cause of action, and the party seeking the relief for which it provides, must affirmatively establish, before the decree of divorce can be granted, that the action was brought within the two years specified by the statute. The action is the creature of statute. No such action existed at common law, and it is made a condition of the right to maintain the action, that it should be brought within a prescribed time. When it appears affirmatively that the suit was not commenced within the prescribed time, the court has no jurisdiction to pronounce a decree dissolving the marriage relation. This has always been the construction given to the statute by the rules and practice of the Court of Chancery and of this court, and by the decisions. A similar rule prevails as to actions for divorce for adultery. The statute is based upon grounds and reasons in no sense analogous to those on which ordinary limitations rest.

The court below was, in my judgment, entirely right in denying the relief, and the order ought to be affirmed. Nor should the decree sought for have been granted on the evidence of the plaintiff. Without her testimony no case was established. Proof of incapacity should have been made by other witnesses. I therefore dissent from the conclusion of my brethren.

Order reversed ; case sent back for further consideration.